Jesus Lopez ALVARADO; Claudia Ramos Alvarado, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70621.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.[*]

Filed Aug. 1, 2006.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Lyle D. Jentzer, Esq., DOJ—U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM [**]

Jesus Lopez Alvarado and Claudia Ramos Alvarado, husband and wife and natives and citizens of Mexico, petition for

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand removal proceedings. We dismiss the petition for review.

The evidence petitioners presented with their motion to remand concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence petitioners submitted would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted); *see also Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 382 (9th Cir.2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same.").

Petitioners' contention that their Notices to Appear were defective because the issuing officer wrote "SAO" instead of "Supervisory Asylum Officer" does not amount to a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable claims that would invoke our jurisdiction.").

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

**PETITION FOR REVIEW DISMISSED.**